UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILBERT GAUDET, ET AL.

VERSUS

EDWARD G. RUMLEY, ET AL.

CIVIL ACTION

NO. 15-497-BAJ-EWD

**RULING ON MOTION TO INTERVENE**

Before the Court is a Motion to Intervene[1] filed by Liberty Insurance Corporation ("Liberty"). No opposition to the Motion to Intervene has been filed and counsel for Liberty has certified that he received no objection from counsel of record to Liberty's intervention.[2] For the reasons set forth herein, Liberty's Motion to Intervene is GRANTED.[3]

I. **Background**

On June 25, 2015, Plaintiffs, Wilbert Gaudet and Jennifer Gaudet ("Plaintiffs") filed suit against Edward G. Rumley, Wachob Transportation, LLC, and The Travelers Indemnity Co. (collectively "Defendants") in state court.[4] On July 29, 2015, the suit was removed to this Court on the basis of diversity jurisdiction.[5]

---

[1] R. Doc. 10.

[2] R. Doc. 10-5.

[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also*, *Stephens v. State Farm and Cas. Co.*, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

[4] R. Doc. 1-4.

[5] Plaintiffs allege they are residents of Louisiana. R. Doc. 1-4. Defendant Edward Rumley alleges he is domiciled in Oklahoma. R. Doc. 1, ¶ 2. Defendant Wachob Transportation, LLC is a limited liability company whose sole member is Wachob Irrevocable Trust, "which is organized under the laws of the State of Oklahoma, with its domicile and principal place of business located in the city of Sapulpa, Creek County, in the state of Oklahoma, and whose sole beneficiary is Derek Wachob, a person of full age and majority, who is domiciled in the city of Sapulpa, Creek County, in the state of Oklahoma." R. Doc. 1, ¶ 3. Defendant The Travelers Indemnity Co. is a corporation organized and incorporated under the laws of Connecticut and has its principal place of business in Hartford, Connecticut. Per Liberty's Corporate Disclosure Statement, it is a subsidiary of Liberty Mutual Group, Inc., which is a subsidiary of LMHC Massachusetts Holding, Inc., which is a subsidiary of Liberty Mutual Holding Company, Inc. Liberty states

1

Plaintiffs allege that Wilbert Gaudet was a guest passenger in a vehicle traveling westbound on Interstate 10 and that Edward Rumley, the defendant driver, was also traveling westbound on Interstate 10 behind Mr. Gaudet's vehicle.[6]  Plaintiffs allege that Mr. Rumley "failed to stop and struck the rear of [the] GAUDET vehicle" causing Plaintiffs' damages.[7]

Per Liberty's proposed Complaint of Intervention, Liberty issued a policy of insurance in favor of Evergreen Tank Solutions, Inc. ("Evergreen") which covered Wilbert Gaudet as an employee of Evergreen at the time of the accident.[8]  Liberty asserts that "as the workers' compensation carrier of Evergreen… [it] has paid benefits to and on behalf of" Plaintiff.[9]  Liberty therefore asks to intervene in this suit seeking reimbursement "for such workers' compensation benefits as may have been actually paid by Intervenor to and on behalf of plaintiff…."[10]  Liberty additionally asserts that it is entitled to a judgment or settlement recognizing its right to offset any additional benefits that may otherwise be due to Wilbert Gaudet against the portion of such judgment or settlement that may be entered in favor of Mr. Gaudet.[11]

---

in its Disclosure that "[a]ll of the entities are organized under the laws of the Commonwealth of Massachusetts and principal place of business in Massachusetts." R. Doc. 11. Accordingly, Liberty's intervention in this suit will not destroy the Court's subject matter jurisdiction.

[6] R. Doc. 1-4, ¶ 7. Plaintiffs allege that at the time of the accident, Mr. Rumley was working within the course and scope of his employment with Wachob Transportation, LLC and that The Travelers Indemnity Co. issued a policy of insurance to Wachob Transportation, LLC. R. Doc. 1-4, ¶¶ 4 & 5.

[7] R. Doc. 104, ¶ 7. Wilbert Gaudet seeks damages for lost wages, medical expenses, and pain and suffering related to injuries to *inter alia* his back, neck, and right shoulder. R. Doc. 1-4, ¶ 10. Jennifer Gaudet asserts she has suffered a loss of consortium. R. Doc. 1-4, ¶ 6.

[8] R. Doc. 10-3, ¶ 1.

[9] R. Doc. 10-3, ¶ 2.

[10] R. Doc. 10-3, ¶ 4.

[11] R. Doc. 10-3, ¶ 5. Alternatively Liberty asserts that if it has made payments to and/or on behalf of Mr. Gaudet that were not due and/or were paid in error, it is entitled to repayment on the basis of payment of a thing not due. R. Doc. 10-3.

**II.   Law and Analysis**

Liberty seeks to intervene in this suit pursuant to Rule 24 of the Federal Rules of Civil Procedure.[12]  However, it does not specify whether it seeks to intervene as of right under Fed. R. Civ. P. 24(a) or permissively under Fed. R. Civ. P. 24(b).  As set forth herein, because the Court finds Liberty is an intervenor of right, the Court does not conduct an analysis of permissive intervention pursuant to Fed. R. Civ. P. 24(b).

**A. Timeliness of the Motion to Intervene**

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely."  *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).  The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court.  *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970).  Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'"  *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).  The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely."  *Ross*

---

[12] R. Doc. 10.

*v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

Here, Plaintiff filed suit in October, 2015. The case was removed to this Court in November of last year. No party has asserted the Motion to Intervene is untimely. A jury trial is currently scheduled for June 19, 2017.[13] Considering the lack of opposition to Liberty's Motion to Intervene, the early procedural posture of this suit, and the extent of prejudice to Liberty if it is not allowed to intervene (discussed below), the Court finds Liberty's Motion to Intervene to be timely.

### B. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above, the Court finds Liberty's Motion to Intervene to be timely.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer bring suits against a third person…he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. §23:1102(A). "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third

---

[13] R. Doc. 8.

person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit….")). In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors. *See*, *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.). Here, Liberty alleges that it has paid workers' compensation benefits to Plaintiff and seeks reimbursement for same. Unless Liberty is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds Liberty to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[14]

---

[14] No party contends, and the Court does not find, that Liberty's interests are adequately represented by either Plaintiffs or Defendants in this suit. Like Plaintiffs, Liberty has an interest in maximizing recovery against Defendants. *See*, *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM

### III.     Conclusion

For the reasons set forth herein, Liberty Insurance Corporation's Motion to Intervene[15] is GRANTED.

Signed in Baton Rouge, Louisiana, on May 20, 2016.

                                         **ERIN WILDER-DOOMES**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). However, the recovery sought by Liberty (reimbursement for past payments and a recognition of its right to offset) is separate from Plaintiffs' damage claim.

[15] R. Doc. 10.